JOSHUA S. GOODMAN, ESQUIRE – State Bar #116576
jgoodman@gnhllp.com
PAIGE P. YEH, ESQUIRE – State Bar #229197
pyeh@gnhllp.com
GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
San Francisco, California 94104
Telephone:   (415) 705-0400
Facsimile:   (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANDRE LANDERS,<br><br>                              Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1 to 50, inclusive,<br><br>                              Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot"), by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California – Western Division, for the reasons described below:

1.      Home depot is a named defendant in a civil action pending against it in the Los Angeles County Superior Court, entitled *Andre Landers v. Home Depot U.S.A., Inc.*, Case No. 21STCV25165.

2.      Home Depot was served with Plaintiff Andre Landers's ("Plaintiff") Complaint on September 20, 2021. A true and correct copy of the Summons and

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-
NOTICE OF REMOVAL

Complaint is attached as **Exhibit A.**

3.      Home Depot filed its Answer on December 20, 2021.  A true and correct copy of the filed answer is attached as **Exhibit B.**

4.      Venue is proper in this Court because the boundaries of the United States District Court for the Central District of California – Western Division, pursuant to 28 U.S.C. § 84(b), include Los Angeles County.

5.      Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d).

## JURISDICTION

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

7.      Diversity jurisdiction applies for the following reasons:

a.      Plaintiff is a resident of the State of California.

b.      Both at the time this action was commenced and at this time, Home Depot was incorporated in Delaware and has its principal place of business in Georgia.  Home Depot's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company. "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

8.      Plaintiff's Statement of Damages, which was served on Home Depot on January 25, 2022, seeks damages in excess of $75,000.

9.      Based on the foregoing, the matter is removable pursuant to 28 U.S.C. §§ 1332 and 1446(b).

WHEREFORE, the undersigned requests that the action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, et seq.

## DEMAND FOR JURY TRIAL

Home Depot demands a jury trial of 8 jurors pursuant to Federal Rules of Court, Rule 48.

DATED:  February 22, 2022          GOODMAN NEUMAN HAMILTON LLP


By:  /s/ Paige P. Yeh
     PAIGE P. YEH
     Attorneys for Defendant
     HOME DEPOT U.S.A., INC.

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-3-
NOTICE OF REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2021 04:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV25165

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Home Depot U.S.A., Inc. and DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Andre Landers

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV25165** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jehrid S. Mosley, Esq., Law Offices of Jacob Emrani, APC, 714 W. Olympic Blvd., Ste. 300, Los Angeles, CA 90015; 213-748-7734

| DATE: 07/08/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | R. Clifton | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Home Depot U.S.A Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2021 04:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV25165

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jehrid S. Mosley, Esq.     (SBN327851)<br>Law Offices of Jacob Emrani<br>714 W. Olympic Blvd., #300<br>Los Angeles, CA 90015<br>TELEPHONE NO: 213-748-7734     FAX NO. *(Optional)*: 213-748-8879<br>E-MAIL ADDRESS *(Optional)*: jehrid@calljacob.com<br>ATTORNEY FOR *(Name)*: Plaintiff Andre Landers | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Andre Landers

DEFENDANT: Home Depot U.S.A, Inc. and

[✓] DOES 1 TO  50     inclusive

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| [ ] AMENDED *(Number)*:<br>Type *(check all that apply)*:<br>[ ] MOTOR VEHICLE  [✓] OTHER *(specify)*: Premises Liability, Gen Neg.<br>[ ] Property Damage  [ ] Wrongful Death<br>[ ] Personal Injury  [ ] Other Damages *(specify)*: | |

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded  [ ] does not exceed $10,000<br>   [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | 21STCV25165 |

1. Plaintiff *(name or names)*: Andre Landers
   alleges causes of action against defendant *(name or names)*:
   Home Depot U.S.A., Inc. and DOES 1 to 50, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☑ except defendant (name): Home Depot U.S.A.
        (1) ☐ a business organization, form unknown
        (2) ☑ a corporation
        (3) ☐ an unincorporated entity (describe):

        (4) ☐ a public entity (describe):

        (5) ☐ other (specify):

    b. ☐ except defendant (name):
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity (describe):

        (4) ☐ a public entity (describe):

        (5) ☐ other (specify):

    c. ☐ except defendant (name):
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity (describe):

        (4) ☐ a public entity (describe):

        (5) ☐ other (specify):

    d. ☐ except defendant (name):
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity (describe):

        (4) ☐ a public entity (describe):

        (5) ☐ other (specify):

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
    a. ☑ Doe defendants (specify Doe numbers): 1 to 50, inclusive        were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.
    b. ☑ Doe defendants (specify Doe numbers): 1 to 50, inclusive        are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
    a. ☐ at least one defendant now resides in its jurisdictional area.
    b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ has complied with applicable claims statutes, or
    b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property**
                                                    **Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Andre Landers v. Home Depot U.S.A., Inc., et al. | |

10.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
     a. ☐ Motor Vehicle
     b. ☑ General Negligence
     c. ☐ Intentional Tort
     d. ☐ Products Liability
     e. ☑ Premises Liability
     f. ☐ Other *(specify):*

11.  Plaintiff has suffered
     a. ☑ wage loss
     b. ☐ loss of use of property
     c. ☑ hospital and medical expenses
     d. ☑ general damage
     e. ☐ property damage
     f. ☑ loss of earning capacity
     g. ☑ other damage *(specify):*

> Plaintiff has been hurt and injured in his health, strength and activity, sustaining injuries and damages to his body and nervous system, all to his detriment. All damages are recoverable under the law.

12.  ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
     a. ☐ listed in Attachment 12.
     b. ☐ as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
     a. (1) ☑ compensatory damages
         (2) ☐ punitive damages
     The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
     (1) ☑ according to proof
     (2) ☐ in the amount of: $

15.  ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
     Prem. L-1, Prem. L-2, Prem. L-4, Prem. L-5a, Prem. L-5b and GN-1

Date: July 2, 2021

Jehrid S. Mosley, Esq.
         (TYPE OR PRINT NAME)

▶ _(signature)_
         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(4)

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
| --- | --- |

Second _(number)_     **CAUSE OF ACTION—Premises Liability**     Page   5

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

Prem.L-1. _(name):_ Andre Landers

    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

     On _(date):_ 07/12/2019         plaintiff was injured on the following premises in the following

    fashion _(description of premises and circumstances of injury):_
    Plaintiff was shopping at Defendants' business premises at 2115 N. Gaffey Street, San Pedro, California 90731 ("Premises")
    when he slipped on a substance believed to be bird droppings on the floor of the Premises and fell and sustained injuries.
    Plaintiff contends that the bird droppings or other slippery substance on the floor of the Premises constituted a dangerous
    condition for lack of maintenance, repair, inspection, training and/or supervision that injured Plaintiff.

Prem.L-2. ☒ **Count One—Negligence** The defendants who negligently owned, maintained, managed, and operated the
        described premises were _(names):_
        Home Depot U.S.A., Inc. and

        ☒ Does 1     to 10, inclusive

Prem.L-3. ☐ **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
        or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
        _(names):_

        ☐ Does     to

        Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4. ☒ **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
        on which a dangerous condition existed were _(names):_
        Home Depot U.S.A., Inc. and

        ☒ Does 11     to 20
        a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
           dangerous condition in sufficient time prior to the injury to have corrected it.
        b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5.a. ☒ **Allegations about Other Defendants** The defendants who were the agents and employees of the other
        defendants and acted within the scope of the agency were _(names):_
        Home Depot U.S.A., Inc. and

        ☒ Does 21     to 30, inclusive

      b. ☒ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
        ☐ described in attachment Prem.L-5.b ☒ as follows _(names):_
        Home Depot U.S.A., Inc. and Does 31 to 50, and each of them, according to proof.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California ·PLD-
PI-001(4) [Rev. January 1, 2007]     **CAUSE OF ACTION—Premises Liability**     Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001(2)

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER: |
|---|---|

First _____  **CAUSE OF ACTION—General Negligence**  Page 4 _____
    (number)

ATTACHMENT TO [ x ] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Andre Landers

    alleges that defendant *(name):* Home Depot U.S.A., Inc. and

    [ x ] Does    1 _____ to 50, inclusive

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

    on *(date):* 07/12/2019

    at *(place):* 2115 N. Gaffey Street, San Pedro, California 90731

    *(description of reasons for liability):*
Plaintiff was shopping at Defendants' business premises at 2115 N. Gaffey Street, San Pedro, California 90731 ("Premises") when he slipped on a substance believed to be bird droppings on the floor of the Premises and fell and sustained injuries. Plaintiff, is informed and believes and based thereon alleges that as a direct and legal result of the negligence of Defendants, and each of them, that Plaintiff has suffered and continues to suffer economic damages including, but not limited to, past and future economic medical expenses, loss of earnings and earning capacity. Plaintiff has suffered and continues to suffer non-economic damages, including, but not limited to physical/mental pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress in a sum as not yet ascertained according to proof.

Defendants, and each of them, owed a duty of care to all reasonably foreseeable people, including Plaintiff, to maintain, operate, patrol, service, facilitate, inspect, and/or control the Premises. Defendants owed a duty of care to all reasonably foreseeable customers, guests, tenants and visitors to the Premises, including Plaintiff, to maintain, operate and repair the Premises and to keep it in a safe condition. Defendants also had a duty to properly hire, retain, train, and supervise their employees and agents to perform their work in keeping the Premises safe. Defendants' careless, negligent, reckless, and unlawful conduct in regards to maintaining, operating, patrolling, servicing, facilitating, inspecting, and/or controlling the Premises was the legal, direct, and proximate cause of Plaintiff's injuries.

Plaintiff is informed and believes and based thereon alleges that the Defendants created this dangerous condition and/or failed to take remedial action to remove said dangerous condition and further failed to warn Plaintiff of the existence of the dangerous condition despite their knowledge of its existence thereby exposing Plaintiff to an unreasonable risk of harm. Therefore, Defendants were negligent, careless, and reckless in failing to take reasonably proper actions to maintain the Premises which resulted in Plaintiff's injuries in this incident. Defendants by and through their agents and/or employees, negligently hired, trained, and supervised Defendants, so as to cause the complained of incident. Defendants, improperly operated and/or maintained the Premises within the course and scope of their employment. Defendants, negligently entrusted care of the Premises to Defendants, with anterior actual and/or constructive knowledge that Defendants, were incompetent or unfit to properly maintain and care for the Premises, and it was such unfitness and/or incompetence that caused Plaintiff his injuries.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
    **CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2021 04:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV25165

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jehrid S. Mosley, Esq. (SBN327851)<br>Law Offices of Jacob Emrani APC<br>714 W. Olympic Blvd., Ste. 300, Los Angeles, CA. 90015<br><br>TELEPHONE NO.: 213-748-7734   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California  90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Andre Landers v. Home Depot U.S.A., Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21STCV25165 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 2- Negligence and Premises Liability

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2021

Jehrid S. Mosley, Esq.
(TYPE OR PRINT NAME)                                  ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Case 2:22-cv-01172-AB-PLA Document 1 Filed 02/22/22 Page 13 of 57 Page ID #:13
Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2021 04:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV25165

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER 21STCV25165 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Andre Landers v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: 2115 N. Gaffey Street |
|---|---|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | |
| CITY | STATE: | ZIP CODE: | |
| San Pedro | CA | 90731 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 2, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/08/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV25165 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Michael E. Whitaker | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/08/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Corina Alamo

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: ) ) FIRST AMENDED STANDING ORDER ) RE: PERSONAL INJURY PROCEDURES ) AT THE SPRING STREET COURTHOUSE |

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

    DATE: _____ AT 10:00 A.M.

**TRIAL:**

    DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

    DATE: _____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

     Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

     ☐  A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

     ☐  A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

     ☐  A7260 Product Liability (not asbestos or toxic/environmental)

     ☐  A7210 Medical Malpractice – Physicians & Surgeons

     ☐  A7240 Medical Malpractice – Other Professional Health Care Malpractice

     ☐  A7250 Premises Liability (e.g., slip and fall)

     ☐  A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

     ☐  A7220 Other Personal Injury/Property Damage/Wrongful Death

     The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

     The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

1 | 90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2 | **FILING OF DOCUMENTS**

3 | 2.    With the exception of self-represented litigants or parties or attorneys that have obtained

4 | an exemption from mandatory electronic filing, parties must electronically file documents.

5 | Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6 | in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7 | at www.lacourt.org (link on homepage).

8 | **SERVICE OF SUMMONS AND COMPLAINT**

9 | 3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10 | soon as possible but no later than three years from the date when the complaint is filed

11 | (C.C.P. § 583.210, subd. (a)). On the OSC re Dismissal date noted above, the PI Court will

12 | dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13 | or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14 | 4.    The Court sets the above trial and final status conference ("FSC") dates on the condition

15 | that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16 | months of filing the complaint.

17 | 5.    The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18 | § 581 when no party appears for trial.

19 | **STIPULATIONS TO CONTINUE TRIAL**

20 | 6.    Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21 | § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22 | good cause or articulating any reason or justification for the change. To continue or advance a

23 | trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24 | to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25 | on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26 | eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27 | file the stipulation at least eight court days before the FSC date. Parties seeking to advance the

28 | trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

2020-SJ-002-00

1   FSC date (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2   parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties

3   may submit a maximum of two stipulations to continue trial, for a total continuance of six

4   months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5   noticed motion. This rule is retroactive so that any previously granted stipulation to continue

6   trial will count toward the maximum number of allowed continuances.

7   **NO CASE MANAGEMENT CONFERENCES**

8   7.      The PI Courts do not conduct case management conferences. The parties need not file a

9   Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  Friday, between 3:00 p.m. and 4:00 p.m.

2  **WITHDRAWAL OF MOTIONS**

3  11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4  immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5  PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6  the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7  needlessly prepare tentative rulings for these matters.

8  **DISCOVERY MOTIONS**

9  12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11  attorney with full authority to make binding agreements, must attend in person.  The PI judges

12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13  of the Court.

14  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21  filing a motion to compel further discovery responses in order to allow time to participate in an

22  IDC.

23        If parties do not stipulate to extend the deadlines, the moving party may file the motion

24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

Page 5 of 7

1 that complies with the notice requirements of the Code of Civil Procedure.

2 14. Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3 www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4 in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5 must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6 LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7 as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8 forth that party's response, at least ten court days prior to the IDC.

9 15. Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10 resolve other types of discovery disputes.

11 **EX PARTE APPLICATIONS**

12 16. Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13 showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14 "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15 ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16 applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17 Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18 danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19 relief, the moving party should reserve the earliest available motion hearing date (even if it is

20 after the scheduled trial date) and file a motion to continue trial. Parties should also check

21 CRS from time to time because earlier hearing dates may become available as cases settle or

22 hearings are taken off calendar.

23 **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24 17. Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25 Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26 Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27 website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28 is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

Page 6 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24  Dated:  Feb. 24, 2020

25  SAMANTHA P. JESSNER
   Supervising Judge of Civil Courts

26

27

28

Page 7 of 7

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1.    PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1 former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,
2 and 5) the Court's ruling.

3 **3. EVIDENTIARY EXHIBITS**

4 The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at
5 the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,
6 organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the
7 witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written
8 description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties
9 have a joint signed exhibit list and electronic copies of their respective exhibits, then the
10 parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit
11 binders will be required by the assigned trial judge when the trial commences. In the absence of
12 either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced
13 by all parties/counsel at the FSC.

14 **4. TRIAL BINDERS REQUIRED IN THE PI COURTS**

15 The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the
16 following for inspection at the FSC) the Trial Documents consisting of conformed copies (if
17 available), tabbed and organized into three-ring binders with a table of contents that includes the
18 following:

19      Tab A:     Trial Briefs (Optional)
20      Tab B:     Motions in Limine
21      Tab C:     Joint Statement to Be Read to the Jury
22      Tab D:     Joint Witness List
23      Tab E:     Joint List of Jury Instructions (identifying the agreed upon and contested
24                  instructions)
25      Tab F:     Joint and Contested Jury Instructions
26      Tab G:     Joint and/or Contested Verdict Form(s)
27      Tab H:     Joint Exhibit List
28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.    **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Carmen Alcino

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

2020-SJ-003-00

opposing counsel, CAALA at stuart@caala.org, and the Court by email.  Email addresses for the PI courtrooms can be found on the Court's website at www.lacourt.org, under *"Division"* go to *"Civil"*, then go to *"General Jurisdiction PI Court"* then click on *"PI Courtroom Email Addresses"*.  CAALA will forward the mandatory settlement conference statements to the settlement attorneys.

3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5.  Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6.  The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR PLAINTIFF)
Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)
Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)
Date:

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

_____     >  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

>_____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR PLAINTIFF)

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

Date:

➢ _____

(TYPE OR PRINT NAME)          (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____        _____

                              JUDICIAL OFFICER

1

2

**FILED**

LOS ANGELES SUPERIOR COURT

3

**MAY 1 1 2011**

4

JOHN A. CLARKE, CLERK

5

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

6

7               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF LOS ANGELES**

9

General Order Re                              )         ORDER PURSUANT TO CCP 1054(a),
10      Use of Voluntary Efficient Litigation        )         EXTENDING TIME TO RESPOND BY
       Stipulations                                  )         30 DAYS WHEN PARTIES AGREE
11                                                   )         TO EARLY ORGANIZATIONAL
                                                     )         MEETING STIPULATION
12                                                   )

13                                                   )

14          Whereas the Los Angeles Superior Court and the Executive Committee of the

15      Litigation Section of the Los Angeles County Bar Association have cooperated in

16      drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

17
        use in general jurisdiction civil litigation in Los Angeles County;
18

19          Whereas the Los Angeles County Bar Association Litigation Section; the Los

20      Angeles County Bar Association Labor and Employment Law Section; the Consumer

21      Attorneys Association of Los Angeles; the Association of Southern California Defense
22
        Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
23

24      Employment Lawyers Association all "endorse the goal of promoting efficiency in

25      litigation, and ask that counsel consider using these stipulations as a voluntary way to

26      promote communications and procedures among counsel and with the court to fairly
27
        resolve issues in their cases;"
28

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1 | by Code of Civil Procedure section 1054(a) without further need of a specific court

2 | order.

3

4 | DATED: *May 11, 2011*

5

6 | Carolyn B. Kuhl, Supervising Judge of the
  | Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may **not** be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center** of Los Angeles Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**CIV-050**

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Jehrid Mosley, Esq. SBN# 327851<br>Law Offices of Jacob Emrani<br>714 W. Olympic #300<br>Los Angeles, CA 90015<br>ATTORNEY FOR *(name)*: Plaintiff Andre Landers | TELEPHONE NO.:<br>(213) 748-7734 |

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Andre Landers
DEFENDANT: Home Depot U.S.A Inc.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>21STCV25165 |
|---|---|

To *(name of one defendant only)*: Home Depot U.S.A Inc.
Plaintiff *(name of one plaintiff only)*: Andre Landers
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
a. ☑ Pain, suffering, and inconvenience ............................................................... $ 5,000,000.00
b. ☑ Emotional distress. ........................................................................................ $ 5,000,000.00
c. ☐ Loss of consortium ....................................................................................... $ _____
d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ................ $ _____
e. ☐ Other *(specify)* ............................................................................................... $ _____
f. ☐ Other *(specify)* ............................................................................................... $ _____
g. ☐ Continued on Attachment 1.g.

**2. Special damages**
a. ☑ Medical expenses *(to date)* ......................................................................... $ 53,735.20
b. ☑ Future medical expenses *(present value)* .................................................... $ 1,000,000.00
c. ☑ Loss of earnings *(to date)* ........................................................................... $ To be proven
d. ☑ Loss of future earning capacity *(present value)* .......................................... $ To be proven
e. ☐ Property damage .......................................................................................... $ _____
f. ☐ Funeral expenses *(wrongful death actions only)* .......................................... $ _____
g. ☐ Future contributions *(present value)* *(wrongful death actions only)* ............. $ _____
h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
i. ☐ Other *(specify)* ............................................................................................... $ _____
j. ☐ Other *(specify)* ............................................................................................... $ _____
k. ☐ Continued on Attachment 2.k.

**3. ☐ Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: September 14, 2021
Jehrid Mosley, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Jehrid S. Mosley*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| PLAINTIFF: Andre Landers | CASE NUMBER: |
|---|---|
| DEFENDANT: Home Depot U.S.A Inc. | 21STCV25165 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)*:

   b. on *(name)*:
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Save This Form | Print This Form | Clear This Form

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2021 01:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk

1 | PAVAN L. ROSATI, ESQUIRE – State Bar #146171
prosati@gnhllp.com
2 | GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
3 | San Francisco, California 94104
Telephone:   (415) 705-0400
4 | Facsimile:   (415) 705-0411

5 | Attorneys for Defendant
HOME DEPOT U.S.A., INC.

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10

11 | ANDRE LANDERS,                          Case No. 21STCV25165

12 |                          Plaintiff,

13 | vs.                                     **ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

14 | HOME DEPOT U.S.A., INC.; and
DOES 1 to 50, inclusive,                 Action filed: July 8, 2021
15 |                                         Trial date: January 5, 2023
Defendants.
16

17

18 |        Defendant HOME DEPOT U.S.A., INC. (hereinafter "Defendant"), in answer to the

19 | unverified Complaint of Plaintiff, denies each and every, all and singular, allegations of

20 | the Complaint, and denies that Plaintiff has been injured or damaged in any of the sums

21 | mentioned in the Complaint, or in any sum, at all, as the result of any act or omission of

22 | this answering Defendant.

23 |                     **FIRST AFFIRMATIVE DEFENSE**

24 |                **Comparative Fault/Negligence of Plaintiff**

25 |        This answering Defendant alleges that Plaintiff was himself careless and negligent

26 | in and about the matters alleged in the Complaint, and that this carelessness and negligence

27 | on Plaintiff's own part contributed as a proximate cause to the happening of the incident,

28 | the injuries, and loss and damage complained of, and any recovery by Plaintiff should be

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-

reduced or eliminated based upon his comparative fault.

## SECOND AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff was the negligence, fault and/or strict liability of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint contains a defect in the parties whereby Plaintiff lacks capacity to sue for those claims set forth therein.

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint arises from a misjoinder of named parties whereby Plaintiff lacks capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff is not the real party in interest and lacks standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence relevant to this litigation, thus failing to afford this answering Defendant an opportunity to

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### Doctrine of Laches

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendant and this action is therefore barred by reason of the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to himself.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Causation

As a separate and further affirmative defense, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Notice of Dangerous Condition

As a separate and further affirmative defense, this answering Defendant alleges that it had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed at the time of the losses alleged by Plaintiff, such that any preventative measures could have been taken.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

As a separate and further affirmative defense, this answering Defendant alleges that

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

1   the Complaint of Plaintiff is barred by the statute of limitations set forth in California Code

2   of Civil Procedure Section 335.1.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the course and scope of that special employment, and that this action is therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as contained in California Labor Code sections 3600, 3601, and 3602.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### Reduction of Workers' Compensation Lien

As a separate and further affirmative defense, this answering Defendant alleges that at all times material herein, the Plaintiff was in the course and scope of his employment and that Plaintiff and his employer were subject to the provisions of the Workers' Compensation Act of the State of California; that certain sums have been paid to or on behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of California; that Plaintiff's employer and Plaintiff's co-employees were negligent and careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

#### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that if it is found liable for any injury and damage to Plaintiff, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-5-

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### Reservation of Rights

3   As a separate and further affirmative defense, this answering Defendant alleges that

4   Defendant presently has insufficient knowledge or information on which to form a belief

5   as to whether it may have additional, as yet unstated, defenses available. Defendant

6   reserves herein the right to assert additional defenses in the event discovery indicates that

7   it would be appropriate.

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

### Estoppel

10   As a separate and further affirmative defense, this answering Defendant alleges that

11   Plaintiff has waived and/or is estopped from alleging the matters set forth in his

12   Complaint.

13

## TWENTY-SECOND AFFIRMATIVE DEFENSE

14

### Unclean Hands

15   As a separate and further affirmative defense, this answering Defendant alleges that

16   Plaintiff is barred from recovery by reason of his unclean hands.

17

## TWENTY-THIRD AFFIRMATIVE DEFENSE

18

### Proposition 51

19   As a separate and further affirmative defense, this answering Defendant alleges that

20   if this answering Defendant is found liable for any injury and damage to Plaintiff, then said

21   liability for non-economic damages to Plaintiff must be limited to these answering

22   Defendants' proportionate share of fault, if any there be, as defined by Cal. Civil Code

23   Section 1431.2, et seq.

24

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25

### Res Judicata

26   As a separate and further affirmative defense, this answering Defendant alleges that

27   Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res

28   Judicata.

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-6-

1

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

### **Collateral Estoppel**

3       As a separate and further affirmative defense, this answering Defendant alleges that

4   Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of

5   Collateral Estoppel.

6

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7

### **Trivial Defect**

8       As a separate and further affirmative defense, this answering Defendant alleges

9   that the claims asserted in the Complaint are barred by the trivial defect doctrine.

10      WHEREFORE, Defendant prays:

11      1.      Plaintiff take nothing against it by his Complaint;

12      2.      Defendant has judgment for its costs of suit; and

13      3.      Such other and further relief as the court deems just and proper.

14

15   DATED:  December 20, 2021          GOODMAN NEUMAN HAMILTON LLP

16

17                                     By: PAVAN L ROSATI

18                                     PAVAN L. ROSATI
                                       Attorneys for Defendant
19                                     HOME DEPOT U.S.A., INC.

20

21

22

23

24

25

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

26

27

28

-7-

# **PROOF OF SERVICE**

**CASE NAME:** *Landers, Andre v. Home Depot U.S.A., Inc.*
**CASE NUMBER:** 21STCV25165
**DATE OF SERVICE:** December 20, 2021

**DESCRIPTION OF DOCUMENTS SERVED:**

**ANSWER BY DEFENDANT HOME DEPOT U.S.A, INC. TO PLAINTIFF'S COMPLAINT**

**SERVED ON THE FOLLOWING:**

Jehrid S. Mosley
Law Offices of Jacbo Emrani
714 W. Olympic Blvd., #300
Los Angeles, CA 90015
T: (213) 748-7734 / F: (213) 748-8879
jehrid@calljacob.com
*Attorneys for Plaintiff*

      I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, Floor, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above, by:

      **BY ELECTRONIC TRANSMISSION ONLY.** Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the California Judicial Council's Temporary Emergency Rule 12, Appendix I, Emergency Rules Related to COVID-19. I confirmed that the email address(es) listed above is/are correct. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Marisol Rosario

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE